1

2

3

4

5

6

Michael J. McCue (Nevada Bar #6055)
Jonathan W. Fountain (Nevada Bar #10351)
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200 (phone)
(702) 949-8398 (facsimile)
mmccue@lrlaw.com
jfountain@lrlaw.com

7

8

9

10

11

12

13

14

15

Of Counsel:
Peter B. Bensinger, Jr.  (*pro hac vice* application to be filed)
Paul J. Skiermont   (*pro hac vice* application to be filed)
Adam K. Mortara   (*pro hac vice* application to be filed)
Sundeep K. Addy  (*pro hac vice* application to be filed)
Matthew R. Ford  (*pro hac vice* application to be filed)
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street
Chicago, Illinois 60654
(312) 494-4400 (phone)
(312) 494-4440 (facsimile)
peter.bensinger@bartlit-beck.com
paul.skiermont@bartlit-beck.com
adam.mortara@bartlit-beck.com
rob.addy@bartlit-beck.com
matthew.ford@bartlit-beck.com

16

17

*Attorneys for Plaintiffs Bayer Schering Pharma AG and Bayer
HealthCare Pharmaceuticals Inc.*

18

19

20

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

21

22

23

24

25

26

27

28

BAYER SCHERING PHARMA AG  &
BAYER HEALTHCARE
PHARMACEUTICALS INC.

      Plaintiffs,

v.

LUPIN LTD. & LUPIN
PHARMACEUTICALS, INC.

      Defendants.

**COMPLAINT**

**JURY TRIAL**

Plaintiffs Bayer Schering Pharma AG and Bayer HealthCare Pharmaceuticals Inc. (collectively "Bayer") bring this Complaint for patent infringement against Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively "Lupin") and allege as follows:

## PARTIES

1.     Plaintiff Bayer Schering Pharma AG ("Bayer Schering"), formerly known as Schering AG, is a corporation organized and existing under the laws of the Federal Republic of Germany, having a principal place of business in Müllerstrasse 178, 13353 Berlin, Germany.

2.     Plaintiff Bayer HealthCare Pharmaceuticals Inc. ("Bayer HealthCare"), formerly known as Berlex, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6 West Belt, Wayne, New Jersey 07470.

3.     On information and belief, Lupin Ltd. is an Indian corporation having a place of business at B/4 Laxmi Towers, Bandra-Kurla Complex, Bandra (A), Mumbai 400 051, India, and having a registered office at 159 CST Road, Kalina, Santacruz (E), Mumbai 400 098, India.  On information and belief, Lupin Ltd. is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products through various operating subsidiaries, including Lupin Pharmaceuticals, Inc.

4.     On information and belief, Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Virginia, having a place of business at Harborplace Tower, 111 South Calvert Street, Baltimore, Maryland 21202.  On information and belief, Lupin Pharmaceuticals, Inc. is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products for the U.S. market.  Lupin Pharmaceuticals, Inc. is a wholly owned subsidiary and alter ego of Lupin Ltd.

5.     On information and belief and consistent with their practice with respect to other generic products, following any FDA approval of an Abbreviated New Drug Application ("ANDA"), Lupin Ltd. and Lupin Pharmaceuticals, Inc. will act in concert to distribute and sell Lupin's oral-contraceptive products for ANDA No. 20-1661 throughout the United States, including within Nevada.  On information and belief, Lupin Ltd. and Lupin Pharmaceuticals, Inc. know and intend that Lupin's ANDA product for ANDA No. 20-1661 will be distributed and sold

1

1    in the United States, including within Nevada.

2            6.       On information and belief, and consistent with their practice with respect to other

3    generic products, Lupin Ltd. and Lupin Pharmaceuticals, Inc. acted in concert to prepare and

4    submit ANDA No. 20-1661.  On information and belief, Lupin Ltd. and Lupin Pharmaceuticals,

5    Inc. actively participated in the preparation of ANDA No. 20-1661 and both entities submitted

6    these ANDAs to the FDA.  On information and belief, Lupin Pharmaceuticals, Inc. acted as the

7    agent of Lupin Ltd. in submitting ANDA No. 20-1661 to the FDA.

8

9                              **JURISDICTION AND VENUE**

10           7.       This action arises under the patent laws of the United States of America.  This

11   Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12           8.       On information and belief, Lupin Ltd. is subject to personal jurisdiction in the

13   State of Nevada because, among other things, Lupin Ltd., itself and through its wholly-owned

14   subsidiary Lupin Pharmaceuticals, Inc., has purposely availed itself of the benefits and

15   protections of Nevada's laws such that it should reasonably anticipate being haled into court here.

16   On information and belief, Lupin Ltd., itself and through its wholly-owned subsidiary Lupin

17   Pharmaceuticals, Inc. markets and sells branded and generic drugs throughout the United States

18   and in particular within the State of Nevada, and therefore Lupin Ltd. transacts business within

19   the State of Nevada such that it has engaged in systematic and continuous business contacts

20   within the State of Nevada.  In addition, Lupin Ltd. is subject to personal jurisdiction in Nevada

21   because, on information and belief, it controls and dominates Lupin Pharmaceuticals, Inc. and

22   therefore the activities of Lupin Pharmaceuticals, Inc. in this jurisdiction are attributed to Lupin

23   Ltd.

24           9.       On information and belief, Lupin Ltd. (itself or through its wholly-owned

25   subsidiary Lupin Pharmaceuticals, Inc.) markets its branded and generic drug products to

26   residents of the State of Nevada through its website.

27           10.      On information and belief, Lupin Ltd. (itself or through its wholly-owned

28   subsidiary Lupin Pharmaceuticals, Inc.) offers its branded and generic drug products for sale to

                                             2

1   residents of the State of Nevada on third-party websites that Nevada residents can use to purchase

2   Lupin products for shipment to and within the State of Nevada.

3       11.     On information and belief, residents of the State of Nevada purchase branded and

4   generic drug products from Lupin Ltd. (itself or through its wholly-owned subsidiary Lupin

5   Pharmaceuticals, Inc.) in the State of Nevada.

6       12.     On information and belief, Lupin Ltd. (itself or through its wholly-owned

7   subsidiary Lupin Pharmaceuticals, Inc.) receives revenue from the sales and marketing of its

8   branded and generic drug products in the State of Nevada.

9       13.     On information and belief, Lupin Ltd. (itself or through its wholly-owned

10  subsidiary Lupin Pharmaceuticals, Inc.) uses sales representatives in the State of Nevada to

11  promote the sales of Lupin's branded and generic drugs throughout the State of Nevada.

12      14.     On information and belief, Lupin Ltd. (itself or through its wholly-owned

13  subsidiary Lupin Pharmaceuticals, Inc.) has attended trade shows in the State of Nevada for the

14  purpose of promoting and selling Lupin's branded and generic drug products.

15      15.     On information and belief, Lupin Ltd. (itself or through its wholly-owned

16  subsidiary Lupin Pharmaceuticals, Inc.) has several authorized distributors in the State of Nevada

17  to distribute Lupin's branded and generic drug products throughout the State of Nevada.

18      16.     On information and belief, Lupin Ltd. (itself or through its wholly-owned

19  subsidiary Lupin Pharmaceuticals, Inc.) plans to market and sell the product that is the subject of

20  Lupin's ANDA No. 20-1661, if approved, in the State of Nevada as an alternative to Bayer's

21  YAZ® product currently being sold in the State of Nevada.

22      17.     On information and belief, Lupin Pharmaceuticals, Inc. is subject to personal

23  jurisdiction in the State of Nevada because, among other things, it has purposely availed itself of

24  the benefits and protections of Nevada's laws such that it should reasonably anticipate being

25  haled into court here.  On information and belief, Lupin Pharmaceuticals, Inc. markets and sells

26  branded and generic drugs throughout the United States and in particular within the State of

27  Nevada, and therefore Lupin Pharmaceuticals, Inc. transacts business within the State of Nevada

28  such that it has engaged in systematic and continuous business contacts within the State of

3

1    Nevada.

2        18.    On information and belief, Lupin Pharmaceuticals, Inc. markets its branded and

3    generic drug product to residents of the State of Nevada through its website.

4        19.    On information and belief, Lupin Pharmaceuticals, Inc. offers its branded and

5    generic drug product for sale to residents of the State of Nevada on third-party websites that

6    Nevada residents can use to purchase Lupin products for shipment to and within the State of

7    Nevada.

8        20.    On information and belief, residents of the State of Nevada purchase branded and

9    generic drug products from Lupin Pharmaceuticals, Inc. in the State of Nevada.

10        21.    On information and belief, Lupin Pharmaceuticals, Inc. receives revenue from the

11    sales and marketing of its branded and generic drug products in the State of Nevada.

12        22.    On information and belief, Lupin Pharmaceuticals, Inc. uses sales representatives

13    in the State of Nevada to promote the sales of Lupin's branded and generic drugs throughout the

14    State of Nevada.

15        23.    On information and belief, Lupin Pharmaceuticals, Inc. has attended trade shows

16    in the State of Nevada for the purpose of promoting and selling Lupin's branded and generic drug

17    products.

18        24.    On information and belief, Lupin Pharmaceuticals, Inc. has several authorized

19    distributors in the State of Nevada to distribute Lupin's branded and generic drug products

20    throughout the State of Nevada.

21        25.    On information and belief, Lupin Pharmaceuticals, Inc. plans to market and sell

22    the product that is the subject of ANDA No. 20-1661, if approved, in the State of Nevada as an

23    alternative to Bayer's YAZ® product currently being sold in the State of Nevada.

24        26.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

25    ///

26    ///

27    ///

28    ///

4

## BACKGROUND

27.     Bayer HealthCare is the holder of approved New Drug Application ("NDA") No. 21-676 for YAZ® tablets, which contain as active ingredients micronized drospirenone and micronized 17α-ethinylestradiol.  The United States Food and Drug Administration ("FDA") has approved YAZ® tablets for the prevention of pregnancy in women and for the treatment of moderate acne and the symptoms of premenstrual dysphoric disorder in women who elect to use an oral contraceptive.

28.     Bayer HealthCare sells YAZ® tablets in the United States as a 28-day oral contraceptive regimen that contains 24 tablets comprising 3 mg of micronized drospirenone and 0.02 mg of micronized 17α-ethinylestradiol plus 4 placebo tablets.

29.     On information and belief, Lupin submitted to the FDA ANDA No. 20-1661 under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of a generic version of Bayer's YAZ® tablets.

30.     On information and belief, the composition of the product that is the subject of Lupin's ANDA contains 3 mg of drospirenone and 0.02 mg of ethinylestradiol in tablet form for oral contraception in a human female (hereinafter "Lupin's YAZ® ANDA product").

31.     On information and belief, Lupin's ANDA seeks approval of a 28-day oral contraceptive regimen that contains 24 tablets comprising 3 mg of drospirenone and 0.02 mg 17α-ethinylestradiol plus 4 placebo tablets.

32.     On information and belief, on June 2, 2010, Lupin sent a Notice Letter to Plaintiffs Bayer Schering and Bayer HealthCare, purporting to comply with the provisions of 21 U.S.C. § 355(j)(2)(B) and the FDA regulations relating thereto.

## PATENTS-IN-SUIT

33.     The three patents-in-suit are United States Reissue Patent Nos. 37,564, 37,838, and 38,253.

34.     United States Reissue Patent No. 37,564 ("the '564 reissue patent") issued on February 26, 2002.  Inventors Jürgen Spona, Bernd Düsterberg, and Frank Lüdicke filed their

5

1   application for this patent on February 15, 2000.  Bayer Schering is the current owner of the '564

2   reissue patent.  Bayer attaches a true and correct copy of the '564 reissue patent as Exhibit 1.

3          35.    United States Reissue Patent No. 37,838 ("the '838 reissue patent") issued on

4   September 10, 2002.  Inventors Jürgen Spona, Bernd Düsterberg, and Frank Lüdicke filed their

5   application for this patent on February 15, 2000.  Bayer Schering is the current owner of the '838

6   reissue patent.  Bayer attaches a true and correct copy of the '838 reissue patent as Exhibit 2.

7          36.    United States Reissue Patent No. 38,253 ("the '253 reissue patent") issued on

8   September 16, 2003.  Inventors Jürgen Spona, Bernd Düsterberg, and Frank Lüdicke filed their

9   application for this patent on February 25, 2002.  Bayer Schering is the current owner of the '253

10  reissue patent.  Bayer attaches a true and correct copy of the '253 reissue patent as Exhibit 3.

11
12
## COUNT ONE:  CLAIM FOR PATENT INFRINGEMENT OF U.S. REISSUE PATENT NO. 37,564

13         37.    Bayer incorporates paragraphs 1-36 of this Complaint as if fully set forth herein.

14         38.    On information and belief, Lupin's YAZ® ANDA product infringes one or more

15  claims of the '564 reissue patent.

16         39.    The '564 reissue patent covers Bayer HealthCare's YAZ® tablets, and Bayer has

17  listed the '564 reissue patent for YAZ® in the FDA *Approved Drug Products and Therapeutic*

18  *Equivalence Evaluations* ("the Orange Book").

19         40.    On information and belief, Lupin submitted ANDA No. 20-1661 to the FDA for

20  the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale,

21  sale and/or importation of Lupin's YAZ® ANDA product before the expiration of the '564

22  reissue patent.

23         41.    On information and belief, Lupin made and included in ANDA No. 20-1661 a

24  certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that, in its opinion, the '564 reissue

25  patent is invalid or will not be infringed by the manufacture, use, offer for sale, sale and/or

26  importation of Lupin's YAZ® ANDA product.

27         42.    By filing ANDA No. 20-1661 under 21 U.S.C. § 355(j) for the purpose of

28  obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or

6

1   importation of Lupin's YAZ® ANDA product before the expiration of the '564 reissue patent,

2   Lupin has committed an act of infringement under 35 U.S.C. § 271(e)(2).  Further, on information

3   and belief, the commercial manufacture, use, offer for sale, sale and/or importation of Lupin's

4   YAZ® ANDA product will also infringe one or more claims of the '564 reissue patent.

5          43.     Plaintiffs Bayer Schering and Bayer HealthCare are entitled to the relief provided

6   by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of any approval

7   relating to ANDA No. 20-1661 shall be a date which is not earlier than June 30, 2014, the current

8   expiration date of the '564 reissue patent, or any later date of exclusivity to which Bayer becomes

9   entitled.  Bayer Schering and Bayer HealthCare are entitled to an award of damages and treble

10  damages for any commercial sale or use of Lupin's YAZ® ANDA product, and any act

11  committed by Lupin with respect to the subject matter claimed in the '564 reissue patent that is

12  not within the limited exclusions of 35 U.S.C. § 271(e)(1).

13         44.     On information and belief, when Lupin filed ANDA No. 20-1661, it was aware of

14  the '564 reissue patent and was aware that the filing of ANDA No. 20-1661 with the request for

15  its approval prior to the expiration of the '564 reissue patent constituted an act of infringement of

16  the '564 reissue patent.

## COUNT TWO:  CLAIM FOR PATENT INFRINGEMENT OF U.S. REISSUE PATENT NO. 37,838

19         45.     Bayer incorporates paragraphs 1-44 of this Complaint as if fully set forth herein.

20         46.     On information and belief, Lupin's YAZ® ANDA product infringes one or more

21  claims of the '838 reissue patent.

22         47.     The '838 reissue patent covers Bayer HealthCare's YAZ® tablets, and Bayer has

23  listed the '838 reissue patent for YAZ® in the FDA *Approved Drug Products and Therapeutic*

24  *Equivalence Evaluations* ("the Orange Book").

25         48.     On information and belief, Lupin submitted ANDA No. 20-1661 to the FDA for

26  the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale,

27  sale and/or importation of Lupin's YAZ® ANDA product before the expiration of the '838

28  reissue patent.

7

49.     On information and belief, Lupin made and included in ANDA No. 20-1661 a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that, in its opinion, the '838 reissue patent is invalid or will not be infringed by the manufacture, use, offer for sale, sale and/or importation of Lupin's YAZ® ANDA product.

50.     By filing ANDA No. 20-1661 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Lupin's YAZ® ANDA product before the expiration of the '838 reissue patent, Lupin has committed an act of infringement under 35 U.S.C. § 271(e)(2).  Further, on information and belief, the commercial manufacture, use, offer for sale, sale and/or importation of Lupin's YAZ® ANDA product will also infringe one or more claims of the '838 reissue patent.

51.     Plaintiffs Bayer Schering and Bayer HealthCare are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of any approval relating to ANDA No. 20-1661 shall be a date which is not earlier than June 30, 2014, the current expiration date of the '838 reissue patent, or any later date of exclusivity to which Bayer becomes entitled.  Further, Bayer Schering and Bayer HealthCare are entitled to an award of damages and treble damages for any commercial sale or use of Lupin's YAZ® ANDA product, and any act committed by Lupin with respect to the subject matter claimed in the '838 reissue patent that is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

52.     On information and belief, when Lupin filed ANDA No. 20-1661, it was aware of the '838 reissue patent and was aware that the filing of ANDA No. 20-1661 with the request for its approval prior to the expiration of the '838 reissue patent constituted an act of infringement of the '838 reissue patent.

## COUNT THREE:  CLAIM FOR PATENT INFRINGEMENT OF U.S. REISSUE PATENT NO. 38,253

53.     Bayer incorporates paragraphs 1-52 of this Complaint as if fully set forth herein.

54.     On information and belief, Lupin's YAZ® ANDA product infringes one or more claims of the '253 reissue patent.

55.     The '253 reissue patent covers Bayer HealthCare's YAZ® tablets, and Bayer has

listed the '253 reissue patent for YAZ® in the FDA *Approved Drug Products and Therapeutic Equivalence Evaluations* ("the Orange Book").

56.     On information and belief, Lupin submitted ANDA No. 20-1661 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Lupin's YAZ® ANDA product before the expiration of the '253 reissue patent.

57.     On information and belief, Lupin made and included in ANDA No. 20-1661 a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that, in its opinion, the '253 reissue patent is invalid or will not be infringed by the manufacture, use, offer for sale, sale and/or importation of Lupin's YAZ® ANDA product.

58.     By filing ANDA No. 20-1661 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Lupin's YAZ® ANDA product before the expiration of the '253 reissue patent, Lupin has committed an act of infringement under 35 U.S.C. § 271(e)(2).  Further, on information and belief, the commercial manufacture, use, offer for sale, sale and/or importation of Lupin's YAZ® ANDA product will also infringe one or more claims of the '253 reissue patent.

59.     Plaintiffs Bayer Schering and Bayer HealthCare are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of any approval relating to ANDA No. 20-1661 shall be a date which is not earlier than June 30, 2014, the current expiration date of the '253 reissue patent, or any later date of exclusivity to which Bayer becomes entitled.  Further, Bayer Schering and Bayer HealthCare are entitled to an award of damages and treble damages for any commercial sale or use of Lupin's YAZ® ANDA product, and any act committed by Lupin with respect to the subject matter claimed in the '253 reissue patent that is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

60.     On information and belief, when Lupin filed ANDA No. 20-1661, it was aware of the '253 reissue patent and was aware that the filing of its ANDA with the request for its approval prior to the expiration of the '253 reissue patent constituted an act of infringement of the '253 reissue patent.

9

## PRAYER FOR RELIEF

**WHEREFORE** Bayer respectfully requests the following relief:

A.     Judgment that Lupin has infringed one or more claims of the '564 reissue patent, the '838 reissue patent, and the '253 reissue patent by filing ANDA No. 20-1661 relating to Lupin's YAZ® ANDA product containing drospirenone and ethinylestradiol;

B.     A permanent injunction restraining and enjoining Lupin and its officers, agents, attorneys and employees, and those acting in privity or concert with it, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States or its territories, or importation into the United States or its territories, of Lupin's YAZ® ANDA product;

C.     An order that the effective date of any approval of Lupin's ANDA No. 20-1661 relating to Lupin's YAZ® ANDA product containing drospirenone and ethinylestradiol be a date which is not earlier than the expiration date of the last to expire of the '564 reissue patent, the '838 reissue patent, or the '253 reissue patent, or any later date of exclusivity to which Bayer becomes entitled;

D.     Damages and treble damages from Lupin for any commercial activity constituting infringement of the '564 reissue patent, the '838 reissue patent, or the '253 reissue patent; and

E.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Bayer hereby demands a jury trial on all issues so triable.

Dated: July 15, 2010                           Respectfully submitted,


                                               _____/s/_____
                                               Michael J. McCue (Nevada Bar #6055)
                                               Jonathan W. Fountain (Nevada Bar #10351)
                                               **LEWIS AND ROCA LLP**
                                               3993 Howard Hughes Parkway, Suite 600
                                               Las Vegas, NV 89109
                                               mmccue@lrlaw.com
                                               jfountain@lrlaw.com

                                               Of Counsel:
                                               Peter B. Bensinger, Jr.
                                               Paul J. Skiermont
                                               Adam K. Mortara
                                               Sundeep K. Addy
                                               Matthew R. Ford
                                                (*pro hac vice* applications to be filed)
                                               **BARTLIT BECK HERMAN PALENCHAR**
                                               **& SCOTT LLP**
                                               54 West Hubbard Street
                                               Chicago, IL 60654
                                               peter.bensinger@bartlit-beck.com
                                               paul.skiermont@bartlit-beck.com
                                               adam.mortara@bartlit-beck.com
                                               rob.addy@bartlit-beck.com
                                               matthew.ford@bartlit-beck.com

                                               *Attorneys for Plaintiffs Bayer Schering Pharma*
                                               *AG and Bayer HealthCare Pharmaceuticals*
                                               *Inc.*