Michael J. McCue (Nevada Bar #6055)
Jonathan W. Fountain (Nevada Bar #10351)
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200 (phone)
(702) 949-8398 (facsimile)
mmccue@lrlaw.com
jfountain@lrlaw.com

Of Counsel:

Peter B. Bensinger, Jr. (*pro hac vice*)
Paul J. Skiermont  (*pro hac vice*)
Adam K. Mortara  (*pro hac vice*)
Sundeep K. (Rob) Addy (*pro hac vice*)
Matthew R. Ford (*pro hac vice*)
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street
Chicago, Illinois 60654
(312) 494-4400 (phone)
(312) 494-4440 (facsimile)
peter.bensinger@bartlit-beck.com
paul.skiermont@bartlit-beck.com
adam.mortara@bartlit-beck.com
rob.addy@bartlit-beck.com
matthew.ford@bartlit-beck.com

*Attorneys for Plaintiffs Bayer Schering Pharma AG
and Bayer HealthCare Pharmaceuticals Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Bayer Schering Pharma AG and Bayer Healthcare Pharmaceuticals Inc., <br><br>  Plaintiffs/Counterdefendants, <br><br>  vs. <br><br> Lupin Limited <br><br>  Defendant/Counterclaimant <br><br> and Lupin Pharmaceuticals, Inc. <br><br>  Defendant | Case No. 2:10-cv-01166-GMN-RJJ <br><br> **Bayer's Answer to Lupin's Counterclaims** |

Plaintiffs Bayer Schering Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (collectively "Bayer") respond as follows to the Counterclaims filed by Defendant Lupin Limited ("Lupin Ltd."). (Doc. 10.) Answers to Lupin Ltd.'s specific allegations are contained below in numbered paragraphs that correspond to the numbered paragraphs of Lupin Ltd.'s Counterclaims. Bayer denies any allegations not expressly admitted in this Answer.

## COUNTERCLAIMS

The unnumbered paragraph entitled "Counterclaims" contains prefatory language to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Bayer denies them.

## THE PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

## BACKGROUND

4. On information and belief, Bayer admits that Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") filed ANDA No. 20-1661 seeking approval to market a generic version of Bayer's YAZ® oral contraceptive ("Lupin's YAZ® ANDA product"). Bayer further admits that its YAZ® oral contraceptive is the subject of New Drug Application Nos. 21-676, 21-873, and 22-045. Bayer is without knowledge to admit or deny any of the remaining allegations in Paragraph 4.

5. Bayer admits that the patents listed in Paragraph 5 appear in the FDA's Orange Book for NDA No. 21-676. The remainder of Paragraph 5 contains legal conclusions to which no response is required. To the extent that the remainder of Paragraph 5 is deemed to contain factual allegations, Bayer denies them.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent that Paragraph 6 is deemed to contain factual allegations, Bayer denies them.

7. Bayer is without information sufficient to admit or deny the allegations in Paragraph 7.

8. Bayer admits that Lupin sent Bayer a letter on June 2, 2010 providing notice that it had filed paragraph IV certifications for the patents identified in Paragraph 8. The remainder of Paragraph 8 contains legal conclusions to which no response is required. To the extent that the remainder of Paragraph 8 is deemed to contain factual allegations, Bayer denies them.

### JURISDICTION AND VENUE

9. Bayer incorporates its above responses in response to Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent that Paragraph 10 is deemed to contain factual allegations, Bayer denies them.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent that Paragraph 11 is deemed to contain factual allegations, Bayer denies them.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent that Paragraph 12 is deemed to contain factual allegations, Bayer denies them.

13. Admitted.

### LUPIN LIMITED IS ENTITLED TO DECLARATORY JUDGMENT

14. Bayer admits that it filed a complaint against Lupin on July 15, 2010, alleging infringement of U.S. Reissue Patent Nos. 27,564, 27,838, and 28,253 under 35 U.S.C. § 271(e). Otherwise denied.

15. Bayer admits that it filed a complaint against Lupin on July 15, 2010, alleging infringement of U.S. Reissue Patent Nos. 27,564, 27,838, and 28,253 under 35 U.S.C. § 271(e). The remainder of Paragraph 15 contains legal conclusions to which no response is required. To the extent that the remainder of Paragraph 15 is deemed to contain factual allegations, Bayer denies them.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent that Paragraph 16 is deemed to contain factual allegations, Bayer denies them.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that Paragraph 17 is deemed to contain factual allegations, Bayer denies them.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent that Paragraph 18 is deemed to contain factual allegations, Bayer denies them.

19. Admitted.

20. Admitted.

21. Bayer admits that the Court entered a Consent Judgment Of Non-Infringement For Certain Of Plaintiffs' Patents on March 18, 2009 in the case *Bayer Schering Pharma AG, et al. v. Sandoz, Inc., et al.*, Case No. 2:08-cv-00995-KJD-GWF consolidated with 2:07-cv-01472-KJD-GWF (D. Nev.) (Doc. 54). Bayer admits the allegations in Paragraph 21 to the extent they are consistent with this consent judgment. To the extent that Paragraph 21 contains factual allegations that are inconsistent with this consent judgment, Bayer denies them.

22. Bayer admits that the Court entered a Consent Judgment Of Non-Infringement For Certain Of Plaintiffs' Patents on September 22, 2009 in the case *Bayer Schering Pharma AG, et al. v. Sandoz, Inc., et al.*, Case No. 2:08-cv-00995-KJD-GWF consolidated with 2:07-cv-01472-KJD-GWF (D. Nev.) (Doc. 122). Bayer admits the allegations in Paragraph 22 to the extent they are consistent with this consent judgment. To the extent that Paragraph 22 contains factual allegations that are inconsistent with this consent judgment, Bayer denies them.

### FIRST CLAIM FOR RELIEF

### Declaration of Invalidity of the '564 Reissue Patent

23. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 23.

24. Denied.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent that Paragraph 25 is deemed to contain factual allegations, Bayer denies them.

## SECOND CLAIM FOR RELIEF

### Declaration of Noninfringement of the '564 Reissue Patent

26. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 26

27. Denied.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent that Paragraph 28 is deemed to contain factual allegations, Bayer denies them.

## THIRD CLAIM FOR RELIEF

### Declaration of Invalidity of the '838 Reissue Patent

29. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 29

30. Denied.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent that Paragraph 31 is deemed to contain factual allegations, Bayer denies them.

## FOURTH CLAIM FOR RELIEF

### Declaration of Noninfringement of the '838 Reissue Patent

32. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 32.

33. Denied.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent that Paragraph 34 is deemed to contain factual allegations, Bayer denies them.

## FIFTH CLAIM FOR RELIEF

### Declaration of Invalidity of the '253 Reissue Patent

35. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 35.

36. Denied.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent that Paragraph 37 is deemed to contain factual allegations, Bayer denies them.

### SIXTH CLAIM FOR RELIEF

**Declaration of Noninfringement of the '253 Reissue Patent**

38. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 38.

39. Denied.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent that Paragraph 40 is deemed to contain factual allegations, Bayer denies them.

### SEVENTH CLAIM FOR RELIEF

**Declaration of Invalidity of the '652 Patent**

41. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 41.

42. Denied.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent that Paragraph 43 is deemed to contain factual allegations, Bayer denies them.

### EIGHTH CLAIM FOR RELIEF

**Declaration of Noninfringement of the '652 Patent**

44. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 44.

45. Denied.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent that Paragraph 46 is deemed to contain factual allegations, Bayer denies them.

### NINTH CLAIM FOR RELIEF

**Declaration of Invalidity of the '338 Patent**

47. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 47.

48. Denied.

49. Paragraph 49 contains legal conclusions to which no response is required.  To the extent that Paragraph 49 is deemed to contain factual allegations, Bayer denies them.

### TENTH CLAIM FOR RELIEF

**Declaration of Noninfringement of the '338 Patent**

50. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 50.

51. Denied.

52. Paragraph 52 contains legal conclusions to which no response is required.  To the extent that Paragraph 52 is deemed to contain factual allegations, Bayer denies them.

### ELEVENTH CLAIM FOR RELIEF

**Declaration of Invalidity of the '395 Patent**

53. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 53.

54. Denied.

55. Paragraph 55 contains legal conclusions to which no response is required.  To the extent that Paragraph 55 is deemed to contain factual allegations, Bayer denies them.

### TWELFTH CLAIM FOR RELIEF

**Declaration of Noninfringement of the '395 Patent**

56. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 56.

57. Denied.

58. Paragraph 58 contains legal conclusions to which no response is required.  To the extent that Paragraph 58 is deemed to contain factual allegations, Bayer denies them.

## THIRTEENTH CLAIM FOR RELIEF

### Declaration of Invalidity of the '326 Patent

59. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 59.

60. Denied.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent that Paragraph 61 is deemed to contain factual allegations, Bayer denies them.

## FOURTEENTH CLAIM FOR RELIEF

### Declaration of Noninfringement of the '326 Patent

62. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 62.

63. Denied.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent that Paragraph 64 is deemed to contain factual allegations, Bayer denies them.

## FIFTEENTH CLAIM FOR RELIEF

### Declaration of Invalidity of the '931 Patent

65. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 65.

66. Denied.

67. Paragraph 67 contains legal conclusions to which no response is required. To the extent that Paragraph 67 is deemed to contain factual allegations, Bayer denies them.

## SIXTEENTH CLAIM FOR RELIEF

### Declaration of Noninfringement of the '931 Patent

68. Bayer incorporates its above responses to Paragraphs 1-22 in response to Paragraph 68.

69. Denied.

1  70. Paragraph 70 contains legal conclusions to which no response is required. To the extent that Paragraph 70 is deemed to contain factual allegations, Bayer denies them.

### PRAYER FOR RELIEF

The numbered Paragraphs following the heading "Prayer for Relief" are requests for relief to which no response is required. To the extent any of these numbered Paragraphs are deemed to contain factual allegations, Bayer denies them and denies that Lupin is entitled to any of the relief requested therein or to any relief whatsoever.

DATED:  October 21, 2010            Respectfully submitted,

                                                         /s/
Michael J. McCue (Nevada Bar #6055)
Jonathan W. Fountain (Nevada Bar #10351)
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89109
mmccue@lrlaw.com
jfountain@lrlaw.com

Of Counsel:
Peter B. Bensinger, Jr.
Paul J. Skiermont
Adam K. Mortara
Sundeep K. Addy
Matthew R. Ford
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street
Chicago, Illinois 60654
peter.bensinger@bartlit-beck.com
paul.skiermont@bartlit-beck.com
adam.mortara@bartlit-beck.com
rob.addy@bartlit-beck.com
matthew.ford@bartlit-beck.com

*Attorneys for Plaintiffs Bayer Schering Pharma AG and Bayer HealthCare Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on October 21, 2010, I caused a true and correct copy of the foregoing to be transmitted electronically through the Court's e-filing electronic notice system following counsel of record:

James E. Whitmire (jwhitmire@nevadafirm.com)
SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 S. Fourth Street, 3rd Floor
Las Vegas, NV 89101
(702) 791-0308 (phone)
(702) 791-1912 (facsimile)

Christopher Griffith (cgriffith@leydig.com)
Robert Green (rgreen@leydig.com)
Salim Hasan (shasan@leydig.com)
Kate Lesciotto (klesciotto@leydig.com)
LEYDIG VOIT & MAYER, LTD.
Two Prudential Plaza
180 N. Stetson Ave., Suite 4900
Chicago, IL 60601-6737
(312) 616-5600 (phone)
(312) 616-5700 (facsimile)
*Attorneys for Defendants Lupin Limited & Lupin Pharmaceuticals Inc.*

/s/ Jonathan W. Fountain
LEWIS & ROCA LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89109

*Attorneys for Plaintiffs and Counterdefendants
Bayer Schering Pharma AG and
Bayer HealthCare Pharmaceuticals Inc.*